IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PAMELA YAP,

    Plaintiff,

v.

ON DECK CAPITAL, INC.,
NOAH BRESLOW,
JANE J. THOMPSON,
RONALD F. VERNI,
DANIEL HENSON,
NEIL E. WOLFSON,
CHANDRA DHANDAPANI,
BRUCE P. NOLOP, and
MANOLO SÁNCHEZ,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Pamela Yap ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against On Deck Capital, Inc. ("OnDeck" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to Enova International, Inc. ("Enova") through its subsidiary Energy Merger Sub, Inc.

(the "Proposed Transaction").

2. On July 28, 2020, OnDeck and Enova announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which each OnDeck stockholder will receive: (1) $0.12 in cash, and (2) 0.092 of a share of Enova common stock for each OnDeck share they own.

3. On September 8, 2020, OnDeck filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC. The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding: (i) OnDeck's and Enova's financial projections; (ii) the financial analyses performed by the Company's financial advisor Evercore Group L.L.C. ("Evercore"); and (iii) Evercore's potential conflicts of interest. Accordingly, without additional information the Proxy is materially misleading in violation of the federal securities laws.

4. The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  OnDeck maintains and operates a regional office in Denver, which is located in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of OnDeck common stock.

9. Defendant OnDeck is a Delaware corporation with its principal executive offices located at 1400 Broadway, 25th Floor, New York, New York 10018, and a regional office located at 101 West Colfax Avenue, 9th Floor, Denver, Colorado 80202.  The Company's common stock is traded on the New York Stock Exchange under the ticker symbol "ONDK."

10. Defendant Noah Breslow ("Breslow") has served as the Company's Chairman of the Board, Chief Executive Officer ("CEO"), and a director since June 2012.

11. Defendant Jane J. Thompson has served as a director of the Company since 2014.

12. Defendant Ronald F. Verni has served as a director of the Company since 2012.

13. Defendant Daniel Henson is Lead Independent Director and has served as a director of the Company since 2016.

14. Defendant Neil E. Wolfson has served as a director of the Company since 2011.

15. Defendant Chandra Dhandapani has served as a director of the Company since 2018.

16. Defendant Bruce P. Nolop has served as a director of the Company since 2016.

17. Defendant Manolo Sánchez has served as a director of the Company since 2018.

18. Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

19. Relevant non-party Enova is a Delaware corporation with its principal executive offices located at 175 West Jackson Boulevard, Chicago, Illinois 60604. Enova's common stock trades on the New York Stock Exchange under the ticker symbol "ENVA."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and Proposed Transaction

20. OnDeck is a leader in transparent and responsible online lending to small business. The Company was founded in 2006 and pioneered the use of data analytics and digital technology to make real-time lending decisions and deliver capital rapidly to small businesses online. OnDeck's platform offers a range of term loans and lines of credit customized for the needs of small business owners. In 2019, OnDeck began to offer equipment finance loans and in Canada, a variable pay product. OnDeck has provided over $13 billion in loans to customers in 700 different industries across the United States, Canada and Australia.

21. OnDeck also offers bank clients a comprehensive technology and services platform that facilitates online lending to small business customers through its subsidiary, ODX, LLC ("ODX"). ODX was established in 2018 in response to the growing demand from banks for third-party digital origination solutions.

22. On July 28, 2020, the Company issued a press release announcing its second quarter

2020 financial results, including net income of $2.2 million, compared to a net loss of $59.0 million in the first quarter of 2020. Defendant Breslow commented on the quarter's results stating:

> The ongoing COVID-19 pandemic is placing unprecedented pressure on small businesses in the U.S. and around the globe. After curtailing originations in May, I am pleased that we are once again providing vital financing to our small business clients through our term loan and line of credit products, with a credit strategy calibrated to the new environment. We reported a second quarter profit, substantially increased the proportion of customers in paying relationships, amended several of our debt facilities, and significantly reduced our operating expense base. We continue to take actions to position the company for growth and success when the pandemic abates.

23. On July 28, 2020, OnDeck and Enova issued a joint press release announcing the Proposed Transaction which states, in relevant part:

> CHICAGO and NEW YORK, July 28, 2020 -- Enova International (NYSE: ENVA) and OnDeck® (NYSE: ONDK), today announced that they have entered into a definitive agreement under which Enova will acquire all outstanding shares of OnDeck in a cash and stock transaction valued at approximately $90 million. The implied price of $1.38 per OnDeck share reflects a 43.6% premium to its 90-day volume weighted average price and a 90.4% premium based on the closing price of $0.73 per OnDeck share on July 27, 2020.
>
> This transaction brings together two complementary, market-leading businesses combining world-class capabilities in consumer and small business online lending. Enova and OnDeck are both innovators that have helped revolutionize online lending, using data and advanced analytics to simplify and expand access to financial services for underserved borrowers, while providing an unparalleled customer experience. Enova will add the OnDeck brand, products and services to its existing industry-leading portfolio to create a combined company with significant scale and diverse product offerings in consumer and small business market segments that banks and credit unions have difficulty serving. Together, Enova and OnDeck had $4.7 billion in originations in 2019 and have served approximately 7 million customers.
>
> "This strategic transaction, which brings together two FinTech leaders, is a great opportunity for customers, employees and shareholders of both companies," said David Fisher, CEO of Enova. "Together, our companies will be stronger because of the complementary strengths and synergies of our businesses. Acquiring a premier online small business lender and its ODX bank platform, and welcoming its innovative and talented team to Enova, will increase our scale and resources, providing us with opportunities to accelerate growth in our increasingly diversified

5

portfolio as we continue to execute on our strategy to create long-term value for all of our stakeholders."

Noah Breslow, OnDeck Chairman and CEO said, "I am proud of the business we have built and the more than $13 billion of financing we have provided to underserved small businesses since our founding in 2006. Following an extensive review of our strategic options, we believe this is the right path forward for our customers, employees and shareholders. Joining forces with Enova, a highly-respected and well-capitalized leader in online lending, and leveraging our combined scale and strengths, provides the best opportunity for our long-term success."

**Expected Strategic and Financial Benefits**

- **Highly Complementary Portfolio of Leading Brands:** The combined company will have a portfolio of leading brands and products, with the scale and resources to invest in and drive innovation. Both companies are known for their data and advanced analytics, having created highly predictive, proprietary credit scoring systems for their respective markets.

- **Enhanced Ability to Serve Changing Industry and Customer Landscapes:** Together, Enova and OnDeck will be well positioned to further support small businesses and consumers in the wake of the COVID-19 pandemic. Both are mission-driven companies focused on empowering the growth and success of small businesses by providing access to efficient and transparent capital and helping hardworking people get access to fast, trustworthy credit.

- **Increased Scale and Financial Strength:** The combination will create a leading online financial services company with increased scale, more diversified revenues, stronger cash flow potential, meaningful synergies and increased flexibility to drive growth, profitability and shareholder value.

- **Experienced Management and Strong, Innovative Cultures:** Enova and OnDeck share innovative and customer-oriented cultures, led by experienced management teams who are committed to creating a great place to work for team members. Enova and its management also have a strong history of successfully executing and integrating transactions.

- **Significant Shareholder Value Creation Opportunities:** The transaction is anticipated by Enova to result in approximately $50 million in annual cost synergies and approximately $15 million in run-rate net revenue synergies to be fully phased-in by year-end 2022. The transaction is expected to be accretive in the first year post-closing and will generate earnings per share accretion of more than 40% when synergies are fully recognized. Shareholders of both companies will further benefit from the opportunity

6

for long-term growth and upside through ownership in a stronger and more dynamic combined company.

- Strong Balance Sheet and Access to Capital Markets: On a pro forma basis, the combined company is expected to have a well-capitalized balance sheet and industry-leading profitability metrics. Enova has a strong funding profile and proven ability to access capital markets to fund and accelerate growth. As of March 31, 2020, on a pro forma basis the companies had combined gross receivables of $2.4 billion, 61% of which were small business assets and 39% consumer assets. For the year ended December 31, 2019, on a pro forma basis including synergies, Enova and OnDeck had estimated combined gross revenue of $1.65 billion, adjusted EBITDA of $427 million and adjusted earnings of $215 million.

**Transaction Details**

The transaction is valued at approximately $90 million, of which $8 million will be paid in cash. Under the terms of the agreement, OnDeck shareholders will receive $0.12 cents per share in cash and 0.092 shares of Enova common stock for each share of OnDeck held.

Upon completion of the transaction, OnDeck shareholders will own approximately 16.7% of the combined entity, with Enova shareholders owning approximately 83.3%.

The transaction has been unanimously approved by the boards of directors of both companies and is subject to OnDeck shareholder approval and HSR approvals, along with customary closing conditions. The transaction is expected to close this year.

**Board and Management**

Mr. David Fisher will continue to lead the combined company. Mr. Noah Breslow will join the company as Vice Chairman and serve on the Enova management team.

**The Proxy Contains Material Misstatements or Omissions**

24. On September 8, 2020, defendants caused to be filed the materially misleading and incomplete Proxy with the SEC. Designed to convince the Company's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information, including: (i) OnDeck's and Enova's financial projections; (ii) the financial analyses

7

performed by the Company's financial advisor, Evercore; and (iii) Evercore's potential conflicts of interest.

***Material Omissions Concerning OnDeck's and Enova's Financial Projections***

25. The Proxy omits material information regarding OnDeck's and Enova's financial projections.

26. The Proxy fails to disclose the details of OnDeck management's Scenario 1 projections that were presented to the Board at its June 4, 2020 and July 12, 2020 Board meetings, and shared with the parties in the process leading to the Proposed Transaction, which are wholly omitted from the Proxy.

27. In addition, in connection with Evercore's *Dividend Discount Model Analysis* for each of OnDeck and Enova, Evercore utilized potential dividends that OnDeck and Enova are estimated to be able to pay to equity holders for the six months ending December 31, 2020 and for the calendar years ending December 31, 2021 through December 31, 2024. Proxy at 63. The Proxy, however, fails to disclose the potential dividends that OnDeck and Enova are estimated to be able to pay to equity holders for the six months ending December 31, 2020 and for the calendar years ending December 31, 2021 through December 31, 2024.

28. Further, for each of the "OnDeck Projections," "Enova Projections" and "OnDeck Adjusted Enova Projections" the Proxy fails to disclose estimated total assets and tangible common equity over the projection period.

29. If a proxy statement discloses financial projections and valuation information, such projections must be complete and accurate.

30. The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Certain Unaudited Prospective Financial Information" and "Opinion of Evercore Group L.L.C."

*Material Omissions Concerning Evercore's Financial Analyses*

31.     The Proxy omits material information regarding Evercore's financial analyses supporting its fairness opinion.

32.     The Proxy describes Evercore's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Evercore's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, OnDeck's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Evercore's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

33.     With respect to Evercore's *Selected Public Company Trading Analysis* for each of OnDeck and Enova, the Proxy fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Evercore.

34.     With respect to Evercore's *Dividend Discount Model Analysis* of OnDeck, the Proxy fails to disclose: (i) the potential dividends that OnDeck is estimated to be able to pay to equity holders for the six months ending December 31, 2020 and for the calendar years ending December 31, 2021 through December 31, 2024; (ii) the projected terminal value of future dividends after the calendar year 2024 payable to equity holders as of December 31, 2024; (iii) OnDeck's estimated total assets, tangible common equity and net income utilized in the analysis; (iv) Evercore's rationale for applying a range of price to next twelve months net income multiples of 4.0x to 8.0x; and (v) the individual inputs and assumptions underlying the discount rate range of 20% to 30%.

35. With respect to Evercore's *Equity Research Analyst Price Targets* for OnDeck, the Proxy fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. With respect to Evercore's *Dividend Discount Model Analysis* of Enova, the Proxy fails to disclose: (i) the potential dividends that Enova is estimated to be able to pay to equity holders for the six months ending December 31, 2020 and for the calendar years ending December 31, 2021 through December 31, 2024; (ii) the projected terminal value of future dividends after the calendar year 2024 payable to equity holders as of December 31, 2024; (iii) Enova's estimated total assets, tangible common equity and net income utilized in the analysis; (iv) Evercore's rationale for applying a range of price to next twelve months net income multiples of 4.0x to 8.0x; and (v) the individual inputs and assumptions underlying the discount rate range of 14% to 18%.

37. With respect to Evercore's *Equity Research Analyst Price Targets* for Enova, the Proxy fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

38. With respect to Evercore's *Illustrative Price to Tangible Book Value Analysis*, the Proxy fails to disclose: (i) Evercore's rationale for applying a range of price to tangible book value per share multiples of 2.50x to 4.50x; and (ii) the number of fully diluted shares of Enova common stock outstanding.

39. When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Opinion of Evercore Group L.L.C." and "Certain Unaudited Prospective Information."

***Material Omissions Concerning Evercore's Potential Conflicts of Interest***

41. The Proxy fails to disclose material information concerning potential conflicts of interest faced by the Company's financial advisor, Evercore.

42. The Proxy sets forth:

> OnDeck has paid Evercore retainer fees in the amount of approximately $750,000, and OnDeck has agreed to pay Evercore additional fees for its services in the amount of approximately $3.25 million, of which $1 million was paid upon delivery of Evercore's opinion and the balance of which will be payable contingent upon the consummation of the merger, as well as an additional fee in an amount not to exceed $1 million, which is payable at OnDeck's sole discretion.

*Id.* at 68. The Proxy, however, fails to disclose the agreed parameters for such additional discretionary fee, the criteria Evercore needs to satisfy to receive the additional fee, and whether the Company anticipates paying Evercore the additional fee.

43. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44. The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Opinion of Evercore Group L.L.C."

45. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## COUNT I

### Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder

46. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

47. During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

48.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy.  The Proxy was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about OnDeck's and Enova's financial projections, the financial analyses performed by Evercore, and Evercore's potential conflicts of interest.  The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

49.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

50.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

51.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

52.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

53.     The Individual Defendants acted as controlling persons of OnDeck within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of OnDeck and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

56. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the directors.

57. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their

positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, OnDeck's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands injunctive relief, in her favor and against defendants as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

    D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 23, 2020

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
580 California Street, Suite 1200
San Francisco, CA 94104
Tel: (415) 568-2124
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*

Respectfully submitted,

/s/ *Richard A. Acocelli*
Richard A. Acocelli
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*